IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ADAM WADE CRUTCHLEY, | : |
| Plaintiff, | : |
| v. | :     CASE NO: 7:22-cv-95 (WLS) |
| Warden ASHLEY PAULK, *et al.* | : |
| Defendants. | : |

## ORDER

Before the Court is a Recommendation of Dismissal (Doc. 6) from United States Magistrate Judge Thomas Q. Langstaff, filed on October 13, 2022, recommending dismissal of Plaintiff Adam Wade Crutchley's complaint alleging violations of his civil rights (Doc. 1). Judge Langstaff found that Crutchley's motion to proceed *in forma pauperis* (Docs. 2) should be denied and his complaint (Doc. 1) should be dismissed, without prejudice, under the three-strikes rule of 28 U.S.C. § 1915(g). Judge Langstaff noticed Crutchley that he had fourteen days to file any objection to the Recommendation of Dismissal. (Doc. 6 at 4.)

No objections have been filed to the Recommendation of Dismissal; however, Plaintiff filed a Motion for Temporary Restraining Order (Doc. 7) ("TRO Motion"). On October 24, 2022, Judge Langstaff filed a Supplemental Recommendation (Doc. 8) reiterating his recommendation that the case be dismissed under the three-strikes rule and further recommending that the TRO Motion be denied as moot. Judge Langstaff noticed Crutchley that he had fourteen days to file objections to the Supplemental Recommendation. (*Id.* at 3.) No objections have been filed,[1] and the Supplemental Recommendation is also now ripe for review by this Court.

---

[1] On October 31, 2022, Plaintiff filed a motion for an extension of time to present his case (Doc. 9) which Judge Langstaff construed as a motion for an extension of time to file objections to the recommendation of dismissal. Judge Langstaff granted Plaintiff's motion by Order entered November 1, 2022 (Doc. 10) giving Plaintiff fourteen days from entry of the Order to file his objections. Plaintiff did not file any objections and the matter was submitted to the Court on November 21, 2022.

The Court finds that Crutchley's three previously filed complaints cited by Judge Langstaff were dismissed for failure to exhaust. (Doc. 6 at 2 & n.1 (citing *White v. Lemma*, 947 F.3d 1373, 1379 (11th Cir. 2020) (dismissal for failure to exhaust counts as a strike under existing Eleventh Circuit precedent)). As such, Crutchley may not proceed *in forma pauperis* unless he is in imminent danger of serious personal injury. 28 U.S.C. § 1915(g).

Crutchley's complaint relates to alleged conditions at the Lowndes County Jail which Crutchley finds objectionable. Specifically, Crutchley states that there is mold and rust in his cell and in the shower, there are mice and rats in the dorms, the food and bread are stale and hard and are served three or more days in a row. Crutchley characterizes these conditions as cruel and unusual punishment. (Doc. 1 at 4.) He further complains that he does not receive legal forms when requested. (*Id.*) Crutchley also asserts the air conditioning makes it so cold the inmates have to stay covered up, and they have to wear the same clothes for months before they are washed. (*Id.* at 5.) Crutchley states he suffers from headaches, sore throat, runny nose, upset stomach, and itchy skin and scalp. (*Id.* at 6.)

The Court agrees with Judge Langstaff that the motion to proceed *in forma pauperis* should be denied because it violates the three-strikes rule, and Crutchley's allegations do not reflect that he is in imminent danger of serious personal injury. The Court agrees with Judge Langstaff that with dismissal of the complaint, Crutchley's TRO Motion should be denied as moot.

Even if the complaint is not dismissed, the TRO Motion should be denied. In his one-sentence TRO Motion, Crutchley requests a restraining order against the Defendants "due to both pending lawsuit and/or possible retaliation" from the Defendants. (Doc. 7 at 1.)

> A district court may grant injunctive relief only if the moving party shows that: (1) [he] has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

*KH Outdoor, LLC v. Trussville*, 458 F.3d 1261, 1268 (11th Cir. 2006) (internal quotation marks omitted) (citation omitted). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th

2

Cir. 1989) (internal quotations omitted) (citation omitted).  The Court agrees with Judge Langstaff's analysis that Crutchley's are insufficient, and in fact fall far short of providing any basis on which this Court would grant his TRO Motion.

Accordingly, upon full review and consideration of the record, the Court finds that Judge Langstaff's Recommendation of Dismissal (Doc. 6) filed on October 13, 2022, and his Supplemental Recommendation (Doc. 8) filed on October 24, 2022, together with the findings made and conclusions reached herein, should be, and hereby are, **ACCEPTED**, **ADOPTED**, and made the Orders of this Court for reason of the findings made and reasons stated therein. Crutchley's motion to proceed *in forma pauperis* (Doc. 2) is **DENIED** and his complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.  Further, the Motion for Temporary Restraining Order (Doc. 7) is **DENIED** as **MOOT**.

**SO ORDERED**, this 7th day of December 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**